WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—
DECEMBER, 1872.

## SUMMERFIELD *vs.* HOWIE.

*In the matter of the Estate of JANE SUMMERFIELD, deceased.*

In proceedings in Surrogate's courts (under L. 1870, Ch. 394) for the search and seizure of property of the decedent alleged to be withheld from the administrator, the Surrogate has no power to try the question of the title to the property in dispute.

THIS was a proceeding under chapter 394, of the laws of 1870, for the examination of a person alleged to have property of the deceased in his possession which he refused to deliver to the administrator.

S. D. GIFFORD, *for the administrator.*

W. HERRING, *opposed.*

THE SURROGATE.—By an act passed April 27, 1870, Chap. 394) the additional power is conferred upon Surrogates to subpoena and examine certain persons who are alleged to conceal or withhold property that was possessed by deceased persons at the time of their death or of which they were possessed within two years prior thereto. "Such person shall be sworn truly to answer all questions concerning the estate and effects of the deceased, and shall be examined fully and at large in relation to said effects." (§4.)

Section five provides that if it shall appear to the Surrogate that any effects of the deceased are concealed or withheld, and the person having the possession of such property shall not give the security provided in the next section, the Surrogate shall issue a warrant to the sheriff, or a constable, to search for, seize and deliver the same to the executor or administrator.

Section six declares that such warrant shall not be issued, if the person in whose possession the property may be, shall give a bond with sureties to the executor or administator conditioned that he will account for and pay the value of such property to the executor or administrator, whenever it shall be determined, in any suit to be brought by said executor or administrator, that said property belongs to the estate of such deceased person.

In this matter, it is shown that the person subpoenaed, Mr. Howie, has in his possession a mantel clock which belongs to, and was in the possession of the deceased on the day of her death. The counsel for Mr. Howie, proposed to cross-examine his client with a view to showing that the clock was given to him by the deceased; in other words, to prove the title to it in himself. To this the counsel for the administrator objects on the ground that it is not competent for this court to adjudicate upon the question of title to the property.

The object of the statute is, apparently, to furnish a speedy and summary mode of enabling legal representatives to obtain possession of property alleged to belong to estates they represent, where the same is concealed or possessed by others. It provides for the examination of no witnesses other than the person or persons alleged to conceal or withhold it. Hence, it is plain that this court has no power to try the question of title. This becomes more apparent on examining the sixth section, in which the condition of the bond to be given, is prescribed to be, that the obligor will pay the legal representative the value of the property, if in any suit to be brought by him, it shall be determined that the property belongs to the estate of the deceased.

I regard it as the duty of the Surrogate, in case he is satisfied from the testimony of the person examined, that there is any reasonable ground to believe that the prop-

erty belongs to the estate, to issue his warrant as directed by the act, unless the requisite bond be given.

The objection sustained.